Lutz Appellate Printers, Inc., Plaintiff *v.* Commonwealth of Pennsylvania, Department of Property & Supplies, Ronald G. Lench, Secretary, Department of Property & Supplies, Milton J. Shapp, Governor, Commonwealth of Pennsylvania, Robert P. Casey, Auditor General, Commonwealth of Pennsylvania and Grace M. Sloan, State Treasurer, Commonwealth of Pennsylvania, Defendants.

Argued February 4, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Lewis Kates,* with him *Kates, Livesey & Edelstein,* for plaintiff.

*John L. Sweezy,* Assistant Attorney General, with him *Michael Madar,* Chief Counsel, for defendants, Department of General Services and Ronald G. Lench.

*Howard M. Snyder,* Deputy Attorney General, with him *Lawrence Silver,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for defendants, Shapp and Sloan.

*Robert P. Meehan,* Deputy Counsel, with him *Frank P. Lawley, Jr.,* Chief Counsel, for defendant, Casey.

PER CURIAM, December 22, 1976:

Presently before us are the preliminary objections of the multiple defendants[1] in this litigation to the complaint in equity filed by Plaintiff, Lutz Appellate Printers, Inc.

In this original action in equity, Plaintiff alleges that on or about August 13, 1975, the Department of

---

[1] Commonwealth of Pennsylvania, Department of Property & Supplies, Ronald G. Lench, Secretary, Department of Property & Supplies, Milton J. Shapp, Governor, Commonwealth of Pennsylvania, Robert P. Casey, Auditor General, Commonwealth of Pennsylvania and Grace M. Sloan, State Treasurer, Commonwealth of Pennsylvania (Defendants).

Property and Supplies issued invitations and solicited bids for its "Contract 31" which was for the printing of legal briefs and records. Plaintiff has also alleged that although it was the lowest responsible bidder on that contract, the Secretary of the Department of Property and Supplies (Secretary) failed to award the contract to Plaintiff.

Pursuant to Section 523 of the Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. §203, the Secretary ruled that the manufacturing facilities of bidders on Contract 31 must be located within the Commonwealth of Pennsylvania or, if located outside the Commonwealth, must not be located "in any state which prohibits . . . the purchase of supplies, equipment, or materials not manufactured in such state." Plaintiff's manufacturing facilities are located in the State of New Jersey, a state which the Secretary found to discriminate against out-of-state manufacturers. Consequently, Plaintiff's bid was rejected.

Plaintiff commenced an original action in equity seeking to enjoin Governor Shapp and Treasurer Sloan from approving the award of Contract 31 to any bidder other than Plaintiff. Plaintiff requests this Court to declare it to be the lowest responsible bidder on Contract 31; to enjoin the Secretary from awarding the contract to other than the lowest responsible bidder; and to award such compensation for damages as this Court deems proper in this action in equity.

Previous to the disposition of these objections, Plaintiff petitioned this Court for preliminary injunctive relief. A hearing was held on that petition, and the prayer for preliminary relief was denied by Order dated October 23, 1975.

Although Defendants press a number of preliminary objections, we need only reach one, to wit: Has

Plaintiff failed to state a cause of action by reason of application of Section 523 of the Administrative Code of 1929?[2]  Section 523 provides in pertinent part:

It shall be unlawful for any administrative department . . . to purchase, any supplies, equipment, or materials manufactured in any state which prohibits . . . the purchase of supplies, equipment, or materials not manufactured in such state.

Plaintiff contends that Section 2410 of the Administrative Code of 1929, 71 P.S. §640, governs the award of Contract 31 in the instant case.  Section 2410 provides in pertinent part:

The Secretary of Property and Supplies shall . . . award the contract or contracts for which bids were asked, to the lowest responsible qualified bidder or bidders. . . . Provided, however, That the department shall have the right to reject any or all bids.

Decisions in this Commonwealth have recognized the right of the public authority to reject any or all bids notwithstanding provisions of a statute which require the letting of the contract to the lowest bidder or lowest responsible bidder.  The exercise of such a reservation was considered in *Highway Express Lines, Inc. v. Winter,* 414 Pa. 340, 200 A.2d 300 (1964), where the Supreme Court held that a provision in the Philadelphia Home Rule Charter reserving the right

---

[2] In its amended complaint, Lutz Appellate Printers, Inc., alleged that it was a taxpayer of this Commonwealth and that it was bringing this action as such.  Although it is arguable that Lutz brings this action merely as a disappointed bidder and in fact has no taxpayer standing, we shall not dispose of the preliminary objections before us on this issue, for it is clear that the demurrer pleaded is on the basis of Section 523 of the Administrative Code of 1929.

to reject any and all bids in the City's interest, vested the City with "complete and plenary discretion to reject any and all bids in the City's interest . . . absent any fraud or collusion motivating such action." The Court noted that plaintiff did not allege that the action of the City, in rejecting the bids, was either fraudulent or collusive but rather, based its complaint upon the theory that the City acted without any legal reasons, cause or justification and abused its discretion. The Court held that such a theory was not legally sufficient, and that fraud or collusion must be averred and proved.

In *Haynes v. Hanna*, 36 Dauph. 70 at 74, the court considered the rejection of a bid pursuant to Section 2410, the statute under consideration in the instant case. That court stated:

> The general rule, subject to a few qualifications, is that a reservation of a right to reject any and all bids gives the city a right to reject the lowest bid for a higher bid . . . the act of bidding being of itself a consent to this reserved right.

> [Plaintiff] must also aver either fraud or abuse of discretion on the part of the defendants, which they have not done.

> The proposal as authorized by the said act of assembly, reserved the right on the part of the Secretary to reject any or all bids. The bid was made by plaintiffs, agreeing to such reservation and it was for the Secretary to determine the qualification and responsibility of the bidder, wherein he must exercise his discretion and we see nothing in the bill which shows that the Secretary in rejecting the bid of the plaintiffs abused his discretionary powers. The court cannot control the exercise of the discretionary powers of the said Secretary

so long as there is neither fraud or abuse of the same.

Hence, the law in Pennsylvania has evolved such that absent fraud or collusion, the exercise of the reservation of the right to reject any or all bids is justifiable, *Straw v. City of Williamsport*, 286 Pa. 41, 132 A. 804 (1926), for such a reservation puts all bidders on notice that their bids might be rejected. *R. S. Noonan, Inc. v. York School District*, 400 Pa. 391, 162 A.2d 623 (1960).

Plaintiff's complaint is utterly devoid of allegations or even inferences of fraud or collusion by Defendants in the rejection of the bid. On the contrary, it is alleged that the rejection of Plaintiff's bid was pursuant to the Secretary's ruling that New Jersey, the locus of Plaintiff's manufacturing facilities, barred out-of-state bidders for public printing contracts.

Since Plaintiff's complaint clearly shows that neither fraud nor collusion was the motivation for the rejection of its bid, Plaintiff has failed to state a claim upon which relief may be granted. The case law is clear that mere allegations that the rejection of Plaintiff's bid "was wrong and contrary to law" do not suffice.

Further, Section 2410 provides that the contract shall be awarded to the lowest responsible *qualified* bidder, subject to the right to reject any or all bids. Pursuant to Section 523 of the Administrative Code, 71 P.S. §203, the Secretary rejected Plaintiff's bid on the ground that its manufacturing facilities are located in New Jersey, a state which prohibits the purchase of supplies, etc., not manufactured in New Jersey, and in so doing, the Secretary found Plaintiff was not a qualified bidder.

The Secretary relied upon Section 523 and, in good faith, rejected Plaintiff's bid pursuant thereto.

Hence, even assuming *arguendo* that the statute were to be declared unconstitutional, or that the Secretary erred in applying Section 523 to Plaintiff's bid, the rejection of that bid would still not be actionable "in the absence of fraud or collusion."

Consistent with the foregoing, Defendants' demurrer is sustained and Plaintiff's complaint is dismissed.

### ORDER

AND Now, this 22nd day of December, 1976, consistent with the foregoing opinion, Defendants' demurrer is sustained and Plaintiff's complaint is dismissed.