472 Pa. 28 (1977)
370 A.2d 1210
LUTZ APPELLATE PRINTERS, INC., Appellant,
v.
COMMONWEALTH of Pennsylvania, DEPARTMENT OF PROPERTY AND SUPPLIES, et al.
Supreme Court of Pennsylvania.
Argued January 19, 1977.
Decided March 16, 1977.
*29 *30 Kates, Livesey & Edelstein, Lewis Kates, Philadelphia, for appellant.
*31 Howard M. Snyder, Deputy Atty. Gen., for appellees, Milton J. Shapp, Governor, and Grace M. Sloan, State Treasurer.
Frank P. Lawley, Jr., Chief Counsel, Robert P. Meehan, Deputy Counsel, Harrisburg, for appellee, Robert P. Casey, Auditor-General.
John L. Sweezy, Harrisburg, for appellees, Comm., Dept. of Property & Supplies and Ronald G. Lench, Secretary.
Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

OPINION OF THE COURT
ROBERTS, Justice.
This is an appeal from a decree of the Commonwealth Court denying appellant's petition for a preliminary injunction.[1] Appellant, Lutz Appellate Printers, Inc. [Lutz], alleged that it was the lowest responsible bidder for a public printing contract and sought a preliminary injunction restraining the Pennsylvania Department of Property and Supplies [Department] and individual defendants named in their official capacities[2] from awarding the contract to anyone other than the lowest responsible bidder.
In August, 1975, the Department issued invitations and solicited bids for a contract for the printing of legal briefs and records. The bids were opened on September *32 3, 1975. Although Lutz' bid of $54,667.50 was the low bid, it was not accepted. Section 523 of the Administrative Code of 1929[3] prohibits the award of public contracts to bidders who use materials manufactured in states which require that work done in fulfillment of their public contracts use materials manufactured in their own states. Lutz conducts business in the Commonwealth, pursuant to a Certificate of Authority issued by the Secretary of State, and is a Pennsylvania taxpayer, but its manufacturing facilities are in New Jersey. The Department concluded that Lutz' manufacturing facilities were in a state which prohibits the award of public contracts against bidders using materials not produced in that state, and that therefore Lutz was not a qualified bidder.[4] The Department awarded the contract to the next lowest bidder.
On September 30, 1975, Lutz filed a complaint in the Commonwealth Court seeking declaratory and injunctive relief, and a petition for a preliminary injunction. A hearing on the petition for preliminary injunction was held on October 22, 1975, before Judge Crumlish, who denied the petition on October 23, 1975.[5]
*33 Preliminarily, we reject the Department's argument that Lutz has no standing to maintain this action. At the hearing on the petition for a preliminary injunction, Lutz introduced proof that it pays taxes in Pennsylvania. A taxpayer has standing to enjoin the award of a public contract to anyone other than the lowest responsible bidder. See Helig Brothers Co. v. Kohler, 366 Pa. 72, 76 A.2d 613 (1950). Lutz is also a disappointed bidder, but this does not affect its standing as a taxpayer. Id. Similarly, Lutz' request for declaratory relief that it is the lowest responsible bidder does not alter its standing as a taxpayer to enjoin the award of a public contract.[6]
In determining whether Lutz is entitled to relief, we note the limited scope of our review of a decree denying a preliminary injunction:
"It has long been the rule in this Court that on an appeal from a decree, whether granting or denying a preliminary injunction, we will not inquire into the merits of the controversy, but will, instead, examine the record only to determine if there were any apparently reasonable grounds for the action of the court below."
Pennsylvania Public Utility Commission v. Allegheny County Port Authority, 433 Pa. 495, 499, 252 A.2d 367, *34 369 (1969); accord Intraworld Industries, Inc. v. Girard Trust Bank, 461 Pa. 343, 354, 336 A.2d 316, 322 (1975); Credit Alliance Corp. v. Philadelphia Minit-Man Car Wash Corp., 450 Pa. 367, 370-71, 301 A.2d 816, 818 (1973); Zebra v. Pittsburgh School District, 449 Pa. 432, 436-37, 296 A.2d 748, 750 (1972).
The record reveals apparently reasonable grounds for denying the preliminary injunction. Lutz' manufacturing facilities are in New Jersey. A New Jersey statute, governing the printing of legislative journals and official reports and documents, provides: "All work performed in fulfillment of any contract made under the provisions of this chapter shall be done within the limits of this State."[7] This statute apparently does not apply, however, to the purchase of legal briefs and records, the materials which are the subject of the contract for which Lutz bid here.
Pennsylvania law prohibits the award of public contracts for materials manufactured in states which limit the award of public contracts to in-state manufacturers:
"It shall be unlawful for any administrative department, board, or commission to specify for or permit to be used in or on any public building or other work erected, constructed, or repaired at the expense of the Commonwealth, or to purchase, any supplies, equipment, or materials manufactured in any state which prohibits the specification for or use in or on its public buildings or other works or the purchase of supplies, *35 equipment, or materials not manufactured in such state."[8]
This statute could reasonably be interpreted to apply whenever a state prohibits the use of materials manufactured in other states in some of its public contracts. This, of course, is not the only possible interpretation. It might also be argued that it does not apply unless the state prohibits use of materials manufactured in other states in all its public contracts, or at least in contracts for the particular material involved in the Pennsylvania contract. We need not presently resolve this issue, however. We need only conclude that, in the absence of any cases interpreting this provision, an apparently reasonable interpretation of the statute makes it applicable when a state prohibits the use of materials manufactured in other states in some of its public contracts. If the statute is so interpreted, Lutz is not a qualified bidder. Thus, there are "apparently reasonable grounds" to affirm the Commonwealth Court's denial of a preliminary injunction.
Decree affirmed.
JONES, former C.J., did not participate in the decision of this case.
NOTES
[1] This Court has jurisdiction pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. V, § 501(a), 17 P.S. § 211.501(a) (Supp. 1976).
[2] The individuals named in their official capacities are Ronald G. Lench, Secretary of the Department of Property and Supplies; Milton J. Shapp, Governor of Pennsylvania; Grace M. Sloan, State Treasurer; and Robert P. Casey, Auditor General. Appellee Casey maintains that the Auditor General is not authorized to approve any award of public printing contracts made by the Commonwealth. In light of our disposition of this case, we need not address this issue.
[3] Act of April 9, 1929, P.L. 350, § 523, 71 P.S. § 203 (1962). This section provides:

"Reciprocal limitations upon the purchase of supplies and materials
It shall be unlawful for any administrative department, board, or commission to specify for or permit to be used in or on any public building or other work erected, constructed, or repaired at the expense of the Commonwealth, or to purchase, any supplies, equipment, or materals manufactured in any state which prohibits the specification for or use in or on its public buildings or other works or the purchase of supplies, equipment, or materials not manufactured in such state."
[4] Id. § 640 (1962) provides, in part:

"The Secretary of Property and Supplies shall . . . award the contract or contracts for which bids were asked, to the lowest responsible qualified bidder . . . Provided, however, That the department shall have the right to reject any or all bids . . . ."
[5] Judge Crumlish filed a memorandum opinion in support of the order on February 9, 1976, in which he concluded that Lutz is not entitled to equitable relief because it has an adequate remedy at law. Because we are affirming on other grounds, we need not reach this issue.
[6] Lutz' original complaint did not explicitly allege taxpayer status. Lutz did allege, however, that its principal office was in Philadelphia, and that it was conducting business in the Commonwealth. Moreover, Lutz' amended petition, filed November 3 along with a petition for reargument, alleged that Lutz was a taxpayer. Given the modern trend against formalism in pleading, and towards allowing liberal amendment in order to promote resolution of cases on the merits, we cannot conclude that any defect in Lutz' original complaint bars it from asserting taxpayer status as proved at the hearing. See William Penn Parking Garage, Inc. v. City of Pittsburgh, 464 Pa. 169, 187, 346 A.2d 269, 278 (1975) (plurality opinion); Schaffer v. Larzelere, 410 Pa. 402, 406-07, 189 A.2d 267, 270 (1963); Pa.R.Civ.P. 126, 1033.
[7] N.J.Stat.Ann. § 52:36-3 (1955). We stress the limited scope of our review. We do not decide that New Jersey in fact prohibits use of materials manufactured in other states. Cf. N.J.Stat.Ann. § 52:35-11 (1955) ("the qualification rating of any bidder shall not be influenced by his nationality or place of residence."). We conclude only that there are reasonable grounds to deny the preliminary injunction because it appears that such a prohibition exists.
[8] 71 P.S. § 203 (1962). Lutz argues that this section violates Pa. Const. art. I, § 26, which provides that: "Neither the Commonwealth nor any political subdivision thereof shall . . . discriminate against any person in the exercise of any civil right." Whatever the merits of this issue, we cannot conclude that this section is so clearly unconstitutional as to warrant a reversal of the denial of a preliminary injunction. Cf. American Yearbook Co. v. Askew, 339 F.Supp. 719 (M.D.Fla.), aff'd, 409 U.S. 904, 93 S.Ct. 230, 34 L.Ed.2d 168 (1972) (statute requiring all public printing to be done in state does not deny equal protection).