566 A.2d 330

**David L. JANNETTA, Secretary of General Services, Petitioner,**

**v.**

**Catherine Baker KNOLL, State Treasurer, as a Member of the Board of Commissioners of Public Grounds and Buildings; Michael H. Hershock, designee of the Governor, as a Member of the Board of Commissioners of Public Grounds and Buildings; and Barbara Hafer, Auditor General, as a purported Member of the Board of Commissioners of Public Grounds and Buildings, Respondents.**

Commonwealth Court of Pennsylvania.

Argued Oct. 4, 1989.

Decided Nov. 1, 1989.

460

Gary F. Ankabrandt, William W. Warren, Jr., Chief Counsel, Chief Procurement and Governmental Operations Unit, Charles E. Anderson, Dept. of General Services, Joseph D. Buckley, Asst. Counsel, Harrisburg, for petitioner.

Robert J. Schwartz, Deputy Chief Counsel, Law Dept., Dept. of Auditor General, Paul M. Yatron, Chief Counsel, Harrisburg, for respondent, Dept. of Auditor Gen.

Louis J. Rovelli, Executive Deputy Atty. Gen., Kate L. Mershimer, Deputy Atty. Gen., John G. Knorr, III, Chief Deputy Atty. Gen., Harrisburg, for Atty. Gen. Ernest D. Preate, Jr.

Richard D. Spiegelman, Executive Deputy General Counsel, Ernest R. Closser III, Deputy General Counsel, Harrisburg, for Michael H. Hershock.

Bernard Chanin, James M. White, Harrisburg, for Catherine Baker Knoll.

Before CRUMLISH, Jr., President Judge, and CRAIG, BARRY, COLINS, PALLADINO, McGINLEY and SMITH, JJ.

## OPINION

CRUMLISH, Jr., President Judge.

The Commonwealth Secretary of General Services, David Jannetta (Secretary), has filed a petition for review in this Court's original jurisdiction seeking a declaratory judgment to prohibit respondent, Auditor General Barbara Hafer, from serving as a member of the Board of Commissioners of Public Grounds and Buildings (Board). The Secretary has also filed an application for summary relief and a motion for expedited consideration. The Auditor General has filed preliminary objections which are also now before us. We grant the Secretary's petition for declaratory judgment.

Under Sections 2402(d), 2407, 2409(x), and 2413 of The Administrative Code of 1929 (Administrative Code), Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. §§ 632(d), 637, 639(x), 643, the Board is authorized to approve or disapprove proposed real estate leases, automobile sales and sole source purchase contracts. Section 446 of the Administrative Code, 71 P.S. § 156, designates the Governor or his representative, the Auditor General and the State Treasurer as members of the Board.[1]

Article 8, Section 10 of the Pennsylvania Constitution, an amendment adopted April 23, 1968, provides that:

Any Commonwealth officer whose approval is necessary for any transaction relative to the financial affairs of the Commonwealth shall not be charged with the function of auditing that transaction after its occurrence.

1. The Treasurer, Catherine Baker Knoll, and the Governor's designee, Budget Secretary Michael Hershock, are named as respondents in this action. Attorney General Ernest D. Preate, Jr., has intervened in this action pursuant to Section 204(c) of the Commonwealth Attorneys Act, Act of October 15, 1980, P.L. 950, *as amended*, 71 P.S. § 732-204(c).

Section 404 of The Fiscal Code, Act of April 9, 1929, P.L. 343, *as amended*, 72 P.S. § 404 (Fiscal Code), an amendment enacted March 18, 1971 to implement Article 8, Section 10 of the Constitution, further provides:

No officer of this Commonwealth charged with the function of auditing transactions after their occurrence shall approve the same transactions prior to their occurrences. Notwithstanding any provision of any law to the contrary, from and after the effective date of this act, the Auditor General shall not be required or empowered to pre-approve or pre-audit any transaction with respect to which said officer is empowered or required to conduct an audit after the transaction has occurred.

In 1977, then Attorney General Robert P. Kane issued an opinion determining that, in accordance with the Constitution and Fiscal Code, the Auditor General was barred from sitting as a Board member. Opinion of the Attorney General 77–9. Although Auditor General Hafer's predecessors have complied with that opinion, she has taken the position that the 1977 Attorney General's opinion is not binding and that she is entitled to attend Board meetings and participate in its decisions.

Secretary Jannetta sought the opinion of the present Attorney General, who likewise concluded that the Auditor General is barred from serving as a member of the Board. Opinion of the Attorney General 89–4. Auditor General Hafer has, nevertheless, resolved to participate in Board proceedings, thereby prompting the Secretary to file the instant petition.

Summary relief can be granted only where no material fact is in dispute and where the right to relief is clear. Pa.R.A.P. 1532(b); *Gartner v. Pennsylvania Board of Probation and Parole*, 79 Pa.Commonwealth Ct. 141, 469 A.2d 697 (1983). The issuance of a declaratory judgment is a matter of judicial discretion which should only be exercised to illuminate an existing right, status or legal relation. *Cloonan v. Thornburgh*, 103 Pa.Commonwealth Ct. 1, 519 A.2d 1040 (1986).

The Secretary, Budget Secretary Hershock and the Attorney General[2] contend that declaratory judgment is appropriate here because the facts underlying this controversy are not in dispute. They assert that without a declaration from the Court, the proper administration of governmental leases and contracts will be adversely affected and the legal status of those transactions will be subject to litigation. Finally, they vehemently deny that the Auditor General has the right to participate on the Board[3] based on the aforementioned constitutional and Fiscal Code provisions.

The Auditor General responds that declaratory relief is not proper because there is no evidence that her participation on the Board will impair her post-transaction auditing function. She also contends that there is no present adverse effect from the Auditor General's presence on the Board and thus no justiciable issue exists; rather, she maintains that this matter presents a purely political question not properly decided by the courts.[4]

2. The Treasurer filed a post-argument statement urging an expeditious decision by this Court.

3. The Attorney General initially filed preliminary objections challenging the Secretary's petition. The basis for these objections was that the Secretary had requested and received a binding Attorney General's opinion and had not either contested or followed the opinion and thus no case or controversy existed. However, the Secretary responded by filing an amended petition for review specifically averring that he has followed the advice of the Attorney General and would continue to refuse to record or give effect to the Auditor General's attempts to vote as a Board member. The Attorney General thereafter declined to pursue his preliminary objections and has aligned himself with the Board members in arguing against the Auditor General's position.

4. The Auditor General filed preliminary objections dated October 27, 1989, in large part restating the contentions within her respondent's brief in opposition to the application for summary relief. As to the questions raised by these preliminary objections, we make the following conclusions of law: (1) the approved leases and contracts themselves need not be the subject of ongoing litigation in order to present a justiciable question; a declaratory judgment is appropriate where, as here, the potential for extensive litigation is sufficiently real, *Cryan's Estate*, 301 Pa. 386, 152 A. 675 (1930); (2) a Commonwealth officer is not immune from an action where the only relief sought is to compel him to perform a ministerial function; *Shovel Transfer and Storage v. Simpson*, 112 Pa.Commonwealth Ct. 129, 535 A.2d 251 (1987), we believe this action falls within the holding of *Shovel Transfer* where the relief sought is only to restrain the Auditor

Contrary to the Auditor General's insistence that various fact questions on the nature of her Board participation exist, this controversy essentially presents a question of law. Moreover, the uncertainty of the legal rights and relationship between the Auditor General and the other Board members and the potential for litigation resulting from "tainted" Board transactions create an issue properly disposable by declaratory judgment. *Mid–Centre County Authority v. Township of Boggs*, 34 Pa.Commonwealth Ct. 494, 384 A.2d 1008 (1978). That there may be political motives underlying this dispute does not itself render this matter a nonjusticiable political question.

In addressing the merits of the petition, we have no trouble in concluding that both the Constitution and the Fiscal Code preclude the Auditor General's participation on the Board. Section 402 of the Fiscal Code, 72 P.S. § 402, requires the Auditor General "to make all audits of transactions after their occurrence which may be necessary, in connection with the administration of the financial affairs of the government of the Commonwealth." The Auditor General does not dispute that she would be required to audit transactions on which she had previously voted as a member of the Board. This is a patent violation of Article 8, Section 10 of the Constitution and Section 404 of the Fiscal Code. Where the words of a constitutional provision are plain, they must be given their common or popular meaning, inasmuch as the voters are presumed to have understood them when they adopted that amendment. *Breslow v. Baldwin Township School District*, 408 Pa. 121, 182 A.2d 501 (1962); *Busser v. Snyder*, 282 Pa. 440, 128 A. 80 (1925).

Although the authority of the Auditor General under Administrative Code Section 446 to sit on the Board

General from violating a statutory and constitutional prohibition; and (3) in his position as the Secretary of the Board, Secretary Jannetta necessarily possesses the capacity to bring this action because he is required to insure that the Board performs its statutorily mandated functions and conforms to applicable limitations on its authority so that the leases and contracts submitted and approved are valid. *See* Section 2401.1 of the Administrative Code, 71 P.S. § 631.1.

has not been explicitly repealed, it is clear that this statutory provision must fail in the face of contrary constitutional authority. Even if we were to decide that the Constitution and Section 446 were somehow reconcilable, Fiscal Code Section 404, proscribing pre-transaction approval and post-transaction audit by the same person, withdrew that authority. Where two statutes enacted by different General Assemblies are irreconcilable, the later-enacted statute (in this case, Section 404 of the Fiscal Code) shall prevail. Section 1936 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1936.

■■■ Moreover, under Section 1925 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1925, Section 446 of the Administrative Code on which the Auditor General relies is severable inasmuch as the Board's functions are capable of and have in fact been executed by the remaining Board members since the 1977 Attorney General's opinion.

In *Lutz Appellate Printers, Inc. v. Department of Property and Supplies*, 485 Pa. 559, 403 A.2d 530 (1979), our Supreme Court upheld the dismissal of a complaint against the Auditor General by a disappointed bidder because Section 2410 of the Administrative Code and Section 404 of the Fiscal Code, when read together, expressly withdrew the Auditor General's authority to approve the award of a contract.[5] Though the procedural context is different in this case, *Lutz* is dispositive here. There is no meaningful distinction in the fact that Section 2410 of the Administrative Code requires approval of transactions from the Governor, State Treasurer and Auditor General, as individuals, where, as here, the same individuals are designated as members of a single entity, the Board, whose approval is necessary prior to execution of a contract or lease.[6] The prohibition against both pre- and post-transaction financial review applies in either event and bars the Auditor General

5. Section 2410 sets forth the procedure to be followed by the Department of Property and Supplies in awarding "public printing and binding" contracts.

6. Sections 2402(d), 2407 and 2409(x) of the Administrative Code.

and her staff from performing a dual review function. Regardless of the Auditor General's integrity, the drafters of Article 8, Section 10 of the Constitution intended to create a system of checks and balances applicable to the Commonwealth's financial affairs, so that no official who *might have* an improper motive or interest would be in a position to lend approval to a financial transaction both before and after its occurrence. This Court will not allow the Auditor General to frustrate that clear and reasonable purpose.

Accordingly, the Auditor General's preliminary objections are overruled and the Secretary's petition for declaratory judgment is granted. The Auditor General is precluded from further participation in all Board proceedings.

## ORDER

The preliminary objections filed by the Auditor General are overruled. Petitioner's application for summary relief is granted and his petition for declaratory judgment is granted.

The Auditor General is precluded from further participation in all Board proceedings.

PALLADINO, Judge, dissenting.

I respectfully dissent.

I believe that the Secretary neither has standing nor brings a justiciable controversy to this court. Further, I cannot agree that the Constitution of Pennsylvania or the statutes of the legislature bar the Auditor General from performing mandated duties of her office.

"To have standing, one must plead facts which establish a direct, immediate and substantial injury." *Paratransit Association of Delaware Valley, Inc. v. Yerusalim*, 114 Pa. Commonwealth Ct. 279, 282, 538 A.2d 651, 653 (1988). Furthermore, there must be a causal link between the injury and the conduct of which the party complains. *Id.* Where a plaintiff fails to allege an injury which he has

suffered as a result of the defendant's conduct, the plaintiff lacks standing to maintain the suit. *Nye v. Erie Insurance Exchange*, 504 Pa. 3, 470 A.2d 98 (1983).

The Secretary seeks this declaratory relief for two reasons: (1) there is or will be uncertainty regarding the effect of Board decisions; and (2) to avoid potential future litigation. However, the Secretary has not alleged a past or present injury which *he* has suffered or will suffer as a result of the Auditor General's participation as a member of this panel. Nor does the Auditor General's participation hinder the Secretary in the performance of his duties. The Secretary, being bound by the Attorney General's opinion,[1] has refused to record or give effect to the Auditor General's votes. The Secretary may not be held liable for acting in accordance with the Attorney General's opinion.[2] Because the Secretary is not injured by the Auditor General's conduct, the Secretary lacks standing.

The majority finds that the potential for future litigation resulting from tainted Board transactions is sufficient to permit a declaratory judgment. Declaratory judgment is appropriate only when there are antagonistic claims in which litigation is both imminent and inevitable. *Chester Upland School District v. Commonwealth of Pennsylvania*, 90 Pa.Commonwealth Ct. 464, 495 A.2d 981 (1985). Furthermore, declaratory relief is available only when there is an actual controversy; it is not available to determine rights in anticipation of an event which may never occur. *Colonial School District v. Romano's School Bus Service, Inc.*, 115 Pa.Commonwealth Ct. 87, 539 A.2d 910 (1988). The Secretary has not alleged that litigation is imminent and inevitable, only that a resolution by this court could avoid *potential* future litigation. Amended Petition for Review paragraph 28. Clearly the possibility of a suit sometime in the future is not a claim appropriate for declaratory relief. *Chester Upland School District.*

1. Section 204(a)(1) of the Commonwealth Attorneys Act, Act of October 15, 1980, P.L. 950, 71 P.S. § 732–204(a)(1).

2. *Id.*

Additionally, "a declaratory judgment action will not lie unless all interested parties who could be affected by the judgment are joined." *Chester Upland School District*, 90 Pa.Commonwealth Ct. at 469, 495 A.2d at 984. We note that any actual controversy which would arise over a 'tainted' transaction would involve parties to a contract or a contract rejected because of the failure to record the Auditor General's vote. These parties are not present.

Finally, on the merits, the approval of leases, automobile sales and sole source contracts are not *financial transactions*. Clearly, there would be a financial transaction in the future as a result of the award of contracts. However, the Auditor General is not involved in that part of the transaction which she subsequently audits. The statutory and constitutional prohibitions exist to prevent the Auditor General from auditing her own work. The Board's general approval or disapproval of contracts and leases is not a financial transaction which is later audited.

Therefore, I would dismiss the petition for review or alternatively deny summary judgment.