## Hiorth, Appellant. *v.* Chester City.

*Municipalities—Contracts—Lowest responsible bidder — Cities of the third class—Act of June 27, 1913, P. L. 568—Discretion of court.*

1. Under the Act of June 27, 1913, P. L. 568, relating to cities of the third class, the term "lowest responsible bidder" on a city contract, does not necessarily mean the bidder whose offer to do the work is the lowest in dollars.

2. Nor does it mean that councils may capriciously select the highest bidder regardless of responsibility or cost. What the law requires is the exercise of a sound discretion.

Argued January 13, 1925. Appeal, No. 200, Jan. T., 1925, by plaintiff, from decree of C. P. Del. Co., Dec. T., 1923, No. 479, sustaining demurrer to bill in equity, in case of Isaac Hiorth v. City of Chester. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill for injunction.
Demurrer to bill. Before JOHNSON, P. J.
The opinion of the Supreme Court states the facts.
Demurrer sustained. Plaintiff appealed.

*Error assigned* was decree, quoting record.

*John E. McDonough,* for appellant, cited: Dolan v. Schoen, 261 Pa. 11; Taylor v. Phila., 261 Pa. 458; Flinn v. Phila., 258 Pa. 355; Louchheim v. Phila., 218 Pa. 100; Douglass v. Com., 108 Pa. 559.

*A. A. Cochran,* with him *J. DeHaven Leward,* for appellee, cited: Douglass v. Com., 108 Pa. 559.

PER CURIAM, February 16, 1925:
Defendant city asked bids for gathering garbage and also ashes and rubbish. For collecting the latter for

three years, Armstrong & Son bid $63,000 and Charles E. Firth $68,997. Both bids were considered by council and the contract awarded to Firth. This bill was filed by a taxpayer to enjoin letting the contract to Firth because not the lowest bidder. The lower court sustained a demurrer and this appeal followed.

The bill contains no allegation of fraud or misconduct on part of the city officials, the sole reason alleged in support of a decree enjoining the contract is that Firth is not "the lowest responsible bidder" and therefore not entitled to receive the contract under the provisions of the Third Class City Act of June 27, 1913, P. L. 568. We have held on numerous occasions that "lowest responsible bidder" does not necessarily mean the bidder whose offer to do the work is the lowest. In the recent case of Hibbs et al. v. Arensberg et al., 276 Pa. 24-29, we said, "The term 'lowest responsible bidder' does not mean the lowest bidder in dollars; nor does it mean the board may capriciously select the highest bidder regardless of responsibility or cost. What the law requires is the exercise of a sound discretion." In this case both bidders had previously engaged in municipal contracting and were personally known to the members of council; in view of this, and the further fact that at the same time council awarded a contract to Firth to collect the city's garbage for three years at a price much less than $5,997 below the bid of Armstrong & Son, it cannot be said council abused its discretion. The court below properly sustained the demurrer.

Decree affirmed at appellant's costs.