Kratz et al. *v.* Allentown et al., Appellants.

Argued April 13, 1931. Before FRAZER, C. J., WALL-ING, SIMPSON, KEPHART, SCHAFFER and MAXEY, JJ.

*Orrin E. Boyle,* with him *Robert L. Stuart* and *Helf-rich & Kohler,* for appellant.—Selection of material from a definite place was not an abuse of discretion: Erie v. Bier, 10 Pa. Superior Ct. 381; Reuting v. Titus-ville, 175 Pa. 512; Hibbs v. Arensberg, 276 Pa. 24; Wilson v. New Castle City, 301 Pa. 358.

The failure to award the contract to the lowest bidder was not an abuse of discretion: Com. ex rel. Snyder v. Mitchell, 82 Pa. 343.

*H. L. Snyder,* of *Henninger & Snyder,* with him *Milton P. Schantz,* for appellees.—A municipality may not disregard a low bid unless exhaustive investigation proves the inability of the low bidder to fulfill the contract: Hibbs v. Arensberg, 276 Pa. 24.

A municipality in comparing bids may not require more nor ask less of any bidder than is called for by its proposals: Summit Hill School Directors Removal, 289 Pa. 82.

The chancellor is not bound to accept reasons given for the rejection of a low bid when evidence convinces him that those reasons did not actuate the municipal authorities: Schuck v. School District, 296 Pa. 408.

OPINION BY MR. JUSTICE WALLING, May 11, 1931:

The defendant, City of Allentown, undertook the major project of constructing a sanitary filtration plant on Kline's Island in the Lehigh River. The filling of the projected concrete beds necessitated by the project required one hundred and ten thousand tons of crushed stone. Pursuant to due councilmanic action, sealed proposals for this stone were called for by publication in February and March, 1930. Specifications, submitted to bidders, while not requiring that the stone come from any particular quarry, provided that the bids designate from which one the stone would be supplied. The specifications also designated the size, quality, etc., of the crushed stone. Among the bids submitted was one by a local partnership, known as the Hoch Contracting Company, of $1.69 per ton for stone from the Keck quarry, and of $1.87 per ton for stone from the Ziegenfuss quarry, both local. F. F. Hausman, a local contractor, submitted a bid of $1.78 per ton for stone from the Ziegenfuss quarry and of $2.05 per ton for stone from the Rock Hill quarry. For the designated quantity the bid of the Hoch Company for stone from the Keck quarry was $10,350 less than that of Hausman for stone from the Ziegenfuss quarry, and the question was as to which bid should be accepted. The matter was held up for four weeks when, at the instance of councilman Holman, who was head of the department of highways and public improvement, the job was awarded to Hausman and contract duly executed. To prevent carrying out this contract the plaintiffs, three taxpayers of the city, averring, inter alia, that the Hoch Company and not Hausman was the lowest responsible bidder, prayed for an injunction preliminary until final hearing and permanent thereafter. A preliminary injunction was granted and the case went to trial upon bill, answer and testimony. In due course a final decree was entered making permanent the injunc-

tion; therefrom the defendant city and Hausman each brought an appeal.

The case was stubbornly contested and involves numerous questions, the record disclosing one hundred and twenty-four assignments of error, but we find nothing to require a reversal. The statute provides that municipal contracts be let to the lowest responsible bidder, but the courts have uniformly held that the question of who is the lowest responsible bidder is one for the sound discretion of the proper municipal authority, and does not necessarily mean the one whose bid on its face is lowest in dollars, but includes financial responsibility, also integrity, efficiency, industry, experience, promptness, and ability to successfully carry out the particular undertaking, and that a bond will not supply the lack of these characteristics. See Wilson et al. v. New Castle City et al., 301 Pa. 358. At the same time, it is held that to award the contract to a higher bidder capriciously without a full and careful investigation is an abuse of discretion which equity will restrain. See Pearlman v. Pittsburgh et al., 304 Pa. 24, and cases there cited; also Hiorth v. Chester City, 282 Pa. 387. Where a full investigation discloses a substantial reason which appeals to the sound discretion of the municipal authorities they may award a contract to one not in dollars the lowest bidder. The sound discretion, which is upheld, must be based upon a knowledge of the real situation gained by a careful investigation.

The discretion, however, is in the determination of who is the lowest responsible bidder; when that is settled, discretion ends and the contract must be awarded, if at all, to him (see Pearlman v. Pittsburgh et al., supra; Schuck v. School District of Baldwin Twp., 296 Pa. 408), regardless of the difference in the bids, whether it is more or less. The statute requiring that municipal contracts be awarded to the lowest responsible bidder is mandatory: Com. ex rel. v. Jones, 283 Pa. 582. The city had the right to call for stone of a particu-

lar quality and fitness, but not from a particular quarry. To do the latter, might create a monopoly and prevent competitive bidding. In fact the city here made no attempt to limit the quarry. Furthermore, the proof on both sides was that stone from the Keck quarry and from the Ziegenfuss quarry were of equal quality and fitness. The reasons assigned for rejecting the Hoch Company bid was not the quality of the stone, nor the financial responsibility of the company. The city council, however, acting on the report of their engineers, appeared to have some slight doubt as to whether a sufficient quantity of stone to fill the contract could be secured from the Keck quarry. This report by the engineers was made without any sufficient investigation to determine the quantity of recoverable stone in that quarry, and when Professor Payrow, of Lehigh University, an authority upon the subject, who had made a careful investigation, offered his report to the city engineer, showing five hundred thousand tons of suitable stone in the Keck quarry, the latter refused to examine it, remarking that it was no more than a piece of paper. The engineers as agents of the city made no proper investigation of the Keck quarry nor did the city council. The rejection of that quarry with at most a perfunctory investigation was an abuse of discretion. See Hibbs et al. v. Arensberg et al., 276 Pa. 24. Again, before the contract was awarded, the Hoch Company offered to complete the contract, if necessary, with stone from the Ziegenfuss quarry without added expense.

An objection more strenuously urged to the Hoch Company was that they could not sufficiently equip the Keck quarry in time to meet the requirements of the contract. Here, as on other controlling questions, the chancellor found the facts against the defendants. This the evidence amply supports, as the contract was awarded April 8th, and gave the contractor until August to prepare for performance. The Hoch Company had done good work for the city under different con-

tracts on the quality of which they had been complimented by members of council. They had recently completed for the city a large sewer contract where their bid was $64,000 lower than any other. It was suggested by some members of council that the Hoch Company had not in some instances finished their work on time, but the concrete instances stated were not convincing. It was also said on behalf of the defendants that the highway leading to the Keck quarry was bad, but, aside from the fact that it could be repaired, mere difficulty of performance will not warrant the rejection of the bid of a responsible party: Phila. Co. v. City of Pittsburgh, 253 Pa. 147; Pearlman v. City of Pittsburgh et al., supra. It must be kept in mind that municipal authorities are acting for the public and what they might do as private individuals will not necessarily be sanctioned in the expenditure of public moneys: Hibbs et al. v. Arensberg, supra.

We have examined the entire record and find the chancellor's conclusion that the Hoch Company was in all respects fit to be awarded the instant contract fully sustained by the evidence. As much might be affirmed of Hausman, but the awarding of the contract to him, while the Hoch Company was a lower bidder by over ten thousand dollars and that without any adequate investigation was capricious and an abuse of discretion.

It is just to say that no improper motive or bad faith was charged or shown on part of any member of council or other party concerned in the transaction. The chancellor found the controlling facts favorable to plaintiffs and, being supported by sufficient evidence, we are concluded thereby, as in other cases in equity. See Straw v. Williamsport et al., 286 Pa. 41. Such findings cannot be disregarded by us merely because there was some conflict in the evidence, or because some of the facts might have been found differently.

Judge IOBST heard the case as chancellor and entered the final decree, although President Judge. RENO, the

only other resident member of the court sat with him as a court in banc, on hearing and passing upon the exceptions, and, while not entirely satisfied, concurred in the final decree. The city reserved the right to reject any or all bids, but, under the facts as found, the Hoch Company was entitled to the contract, if awarded. Authorities for the conclusions herein stated will be found more fully set forth in the case of Pearlman v. Pittsburgh et al., supra.

The decree is affirmed and the appeals are dismissed at the cost of the appellants.