## The Pennsylvania Co., etc., Trustee, v. Clark et al.

*Alexander Conn*, for first additional defendants.

*Sylvan H. Hirsh, Henry W. Balka*, and *Sundheim, Folz & Sundheim*, for second additional defendants.

SLOANE, J., January 20, 1939. — We think there is proper basis in law for one of the reasons for the motion of the *first* additional defendants to strike off the counterclaim filed by the *second* additional defendant against this *first* additional defendant.

This sounds tangled. The situation is this. Plaintiff started suit against the original defendants alleging liability for an assessment (which plaintiff paid) made by the Comptroller of Currency, upon shares of a defunct National bank. The original defendants "sci. fa'd" the first additional defendants, saying, in effect: "We sold the shares to you and if we have to pay plaintiff this assessment you will have to pay us." The first additional defendants then "sci. fa'd" the second additional defendant, saying, in effect: "We resold the shares to you, and you *alone* are liable to plaintiff for the assessment." The *second* additional defendant comes along and files a counterclaim against the *first* additional defendants, on the basis of a misstatement as to whose shares were being sold. In the circumstances, he cannot do it.

The first additional defendants do not allege liability over to them by the second additional defendant. They make no claim against the second additional defendant. They simply say: "We are not liable to plaintiff, you are." There is no reason for thus complicating proceedings and delaying plaintiff. Plaintiff is not concerned by

reason of this question between these two defendants.

"The plaintiff shall not be prejudiced or unnecessarily delayed by reason of questions between the defendant and the additional defendants *in which he is not concerned*, and such orders shall be given and terms imposed by the Court as may be necessary to prevent delay of the plaintiff, where it can be done without injustice to the defendant and additional defendants": Scire Facias Act of April 10, 1929, P. L. 479, as amended by the Act of June 25, 1937, P. L. 2118, 12 PS §141. (Italics supplied.)

The Scire Facias Act is for the purpose of preventing multiplicity of suits, and to determine issues not only between plaintiff and defendants, but also between defendants themselves, but only in respect of liability to plaintiff, either directly or amongst themselves, and not separate issues that have nothing to do with plaintiff's claim or with joint or several liability or liability over. See Majewski et al. v. Lempka et al., 321 Pa. 369, 374, and Clineff v. Rubash et al., 126 Pa. Superior Ct. 82, 85.

The counterclaim here has nothing to do with joint or several liability between defendants as to plaintiff's claim, or whether one defendant is liable over to the other. It is a claim that stands just between the two defendants, unconnected with such liability, and is independent as a cause of action. See Jones et al. v. Wohlgemuth et al., 313 Pa. 388, 390. My confreres have come to the same conclusion on practically the same question: Stack v. Latimer et al., 27 D. & C. 166 (1936) ; Crocker & Co., etc., v. Bornet, 48 Montg. 306, 308 (1932).

In their motion to strike off, the first additional defendants assign as a reason the rule of res judicata, setting forth *in their motion to strike off* certain allegations of fact as to a prior proceeding involving the same claim as the counterclaim here. They cannot do so, since there is nothing in the counterclaim to suggest prior proceedings judicially determined. They cannot "speak" extraneously in their motion, and bring in at the same time, as a basis for their motion, the record in another court, no more

than in a statutory demurrer. See Steel v. Levy, 282 Pa. 338, 342, Vondersmith v. Urban, 108 Pa. Superior Ct. 103, 105, 106, 107, and Walter v. Baldwin, 126 Pa. Superior Ct. 589, 596.

The motion to strike off the counterclaim of Henry W. Balka, trustee for Jerome Roy Balka, second additional defendant, is made absolute.