Tri-County Motor Sales, Inc., Appellant *v.*
Robert Moore et al., Appellees.

Argued May 9, 1980, before Judges WILKINSON,
JR., CRAIG and WILLIAMS, JR., sitting as a panel of
three.

*James R. DiFrancesco,* for appellant.

*R. Thomas Strayer,* for appellee.

OPINION BY JUDGE WILKINSON, JR., June 5, 1980:

This appeal from an order of the Court of Common Pleas of Cambria County raises two related questions: whether appellant's bid on the general specifications of appellee Richland Township (Township) for a dump truck was in substantial conformity with the specifications as to qualify appellant as a competitive bidder and to entitle appellant to an award of the contract for the truck, and whether the Township Supervisors acted arbitrarily, illegally and capriciously as to abuse their discretion by awarding the contract to another bidder. The court of common pleas answered both questions in the negative, and we affirm.

In November of 1976 the Township advertised for bids on a dump truck which could also be converted for the purpose of snow plowing. The Township Supervisors prepared the general specifications for the truck by referring to literature on trucks available to them and to the specifications used for the Township's most recent truck purchase. Bids from appellant and another local truck sales company were opened at the township meeting of November 8, 1976. Appellant's bid was $33,000.00 while the other bid was $34,995.00. Because of a defect in the bidding procedures the bids were rejected. The Township readvertised for the dump truck and used the same general specifications as before but with three additional specifications: swing-out fenders, a tilt steering wheel, and a requirement of delivery within 90 days. Again only two companies made bids, and the bids were opened at the township meeting of December 6, 1976. Appellant's bid was $32,300.00 while the other bid was $34,995.00. At the meeting a lengthy discussion and comparison of the two bids was conducted in the presence of a representative of each bidder. Because the Super-

visors concluded that appellant's bid did not meet all the requirements of the second set of specifications, the contract for the dump truck was awarded to the higher bidder.

Appellant filed a complaint requesting the court of common pleas to set aside the award of the contract to the other bidder and to decree that the contract be awarded to appellant, or to award damages for lost profits. After lengthy hearings the court below entered a Decree Nisi dismissing the complaint on September 26, 1978. On March 30, 1979 appellant was permitted to file exceptions nunc pro tunc. On April 10, 1979 appellant filed 31 exceptions to the lower court's findings of fact, conclusions of law, and decree. By order dated July 19, 1979 the court of common pleas dismissed the exceptions. From that order appellant appealed to this Court.

Appellant first contends that its bid was the lowest competitive bid and that it substantially met the specifications' requirements. Section 802(a) of The Second Class Township Code, Act of May 1, 1933, P.L. 103, as amended, 53 P.S. §65802(a), directs that all township contracts or purchases, with exceptions not applicable here, in excess of $2,500.00 "shall not be made except with and from the lowest responsible bidder." The Township awarded the contract to the other bidder rather than to appellant on the basis that appellant's lower bid did not meet the advertised specifications and that therefore appellant was not the lowest responsible bidder.

The statute provides that municipal contracts be let to the lowest responsible bidder, but the courts have uniformly held that the question of who is the lowest responsible bidder is one for the sound discretion of the proper municipal authority, and does not necessarily mean the one whose bid on its face is lowest in

dollars, but includes financial responsibility, also integrity, efficiency, industry, experience, promptness, and ability to successfully carry out the particular undertaking. . . . Where a full investigation discloses a substantial reason which appeals to the sound discretion of the municipal authorities they may award a contract to one not in dollars the lowest bidder.

*Kratz v. Allentown,* 304 Pa. 51, 54, 155 A. 116, 117 (1931). (Citations omitted.)

Our review of the record reveals substantial evidence to support the lower court's conclusion that appellant's bid did not meet the advertised specifications. There were a number of items in the appellant's bid which differed from the specifications. Inter alia, the appellant's bid offered certain parts made of aluminum which the Township had requested be steel; offered removable but not swing-out fenders; lacked a tilt steering wheel; and did not guarantee 90 day delivery. The dump truck purchased by the Township from the successful bidder was assembled from various component parts available on the open market.

Secondly, appellant contends that the award of the contract to the other bidder was an abuse of discretion by the Township Supervisors. The legal principles applicable to this issue are found in *Weber v. Philadelphia,* 437 Pa. 179, 183, 262 A.2d 297, 299 (1970):

In this area of the law, certain principles are well settled and stem, in large measure, from judicial respect for the doctrine of separation of powers in government. First, it is to be presumed that municipal officers properly act for the public good. . . . Second, courts will not sit in review of municipal actions involving discretion, in the absence of proof of fraud, collusion, bad faith or arbitrary action equating an abuse of discretion. . . . Third, on judicial review,

courts, absent proof of fraud, collusion, bad faith or abuse of power, do not inquire into the *wisdom* of municipal actions and *judicial* discretion should not be substituted for *administrative* discretion. . . . Fourth, if a municipality, in connection with competitive bidding, is empowered to do so, it may reject any and all bids in the absence of fraud, collusion, bad faith or arbitrary action. . . . (Emphasis in original; citations omitted.)

At the trial before the court of common pleas appellant offered evidence from which inferences regarding collusion, fraud or bad faith on the part of the Township Supervisors with the other bidder may have been drawn. Appellant attempted to prove (1) that the general specifications were drawn specifically for the type of truck in the sales of which the other bidder specialized, (2) that in November of 1976 the other bidder ordered a truck for the sales contract with the Township, and (3) that a subpoenaed witness had submitted to the court falsified and altered records in an attempt to establish the order date for the truck was in December of 1976. By cross-examination and its own case the Township presented testimony to negative all such inferences. The court of common pleas, as trier of the facts, resolved the issue whether there had been an abuse of discretion against appellant. On review, we cannot say that the court below erred as a matter of law.

Just as judicial discretion should not be substituted for administrative discretion, a possible inference or deduction from facts not accepted by the trier of the facts should not be accepted by the appellate court unless clearly established by the record. We find no such clarity in this record as would enable us to independently conclude that the Supervisors in so act-

ing were guilty of bad faith or an abuse of discretion.

*Stubbs v. Snyder Township,* 25 Pa. Commonwealth Ct. 613, 618, 361 A.2d 464, 466 (1976).

Accordingly, we will enter the following

ORDER

AND Now, June 5, 1980, the order of the Court of Common Pleas of Cambria County, docketed at Civil Action—Equity No. 1977-379, dated July 19, 1979, dismissing the filed exceptions, is affirmed.