Charles Berryhill et al., Appellants *v.* Robert Dugan, an adult individual and taxpayer, Appellee.

Submitted on briefs March 15, 1985, to Judges CRAIG, BARRY and COLINS, sitting as a panel of three.

*David F. Pollock, Pollock, Pollock & Thomas,* for appellants.

*Scott H. Fergus, Fergus, Martin & Fergus,* for appellee.

OPINION BY JUDGE COLINS, April 30, 1985:

We have before us an appeal by the members of the Waynesburg Borough Council, the Mayor of Waynesburg Borough, and Waynesburg Borough, seeking reversal of the dismissal of exceptions to a decree nisi issued by the Common Pleas Court of

Greene County. The Court ruled in favor of Robert Dugan (appellee), an individual and taxpayer, finding that the bid for solid waste removal was awarded in violation of the Borough Code, 53 Pa. C. S. §46402 and declaring the contract awarded null and void.

This dispute concerns the award of a solid waste hauling contract to Long Trucking Company, the second lowest bidder, rather than to Southern Allegheny Disposal System, the low bidder. The Borough advertised for sealed bids to be received by July 27, 1981, requiring that the bidder furnish evidence of ownership of or ability to provide necessary equipment, and an experience record, or a showing of ability to perform. The bidding specifications listed the term of the contract as being five years, with the proviso that either the Borough or the contractor may terminate the contract after three years.

Long Trucking not only bid a significantly higher price for its services, but it also submitted a bid for thirty months, rather than the requisite sixty months (with a possibility of termination after thirty-six months). Thus, the contract awarded did not meet the minimum durational requirements of the Borough, as advertised. Furthermore, Long Trucking was characterized by the Borough Manager as being in poor financial condition, and the condition of its equipment was in question. The only apparent advantage the company possessed is that it had previously served as the trash-hauler for the Borough in the past.

Judge TOOTHMAN, sitting in equity, found that Long Trucking bid $6.00 per month for curbside and $6.50 for backyard pickup and Allegheny bid $4.36 and $5.90 respectively[1] and that the bid from Long Trucking was for thirty months.[2]

---

[1] Finding of Fact No. 2.

[2] Finding of Fact No. 13.

Appellants claim that the Borough did not abuse the discretionary provisions of the Borough Code by their award, and allege that the court below has abused its discretion by declaring the award null and void and further ordering the contract specifications to be readvertised and re-let.

"The scope of review by the Commonwealth Court of a Court of Common Pleas sitting in equity is severely restricted. ... We will not reverse if apparently reasonable grounds exist for the relief ordered and no errors or inapplicable rules of law were relied on." *Jackson v. Hendricks,* 72 Pa. Commonwealth Ct. 63, 71, 456 A.2d 229, 233 (1983) (citation omitted).

The relevant provision of the Borough Code reads as follows:

§46402. Regulation of contracts.

2. All contracts or purchases in excess of four thousand dollars . . . shall not be made except with and from the *lowest responsible* bidder. . . . (Emphasis added.)

Appellants maintain that they did not find Southern Allegheny responsible, a curious conclusion to be drawn considering that, as pointed out by the Court below, this company has a favorable Dunn & Bradstreet rating, a bonding capacity of Three Million Dollars ($3,000,000.00), it owns its own landfill and has access to 40 different trucks, with Seven Million Dollars ($7,000,000.00) in gross revenues, which information was readily available upon inquiry.

The standard for responsibility has long been established by *Kratz v. Allentown,* 304 Pa. 51, 54, 155 A. 116, 117 (1931).

The statute provides that municipal contracts be let to the lowest responsible bidder, but the courts have uniformly held that the

question of who is the lowest responsible bidder is one for the sound discretion of the proper municipal authority, and does not necessarily mean the one whose bid on its face is lowest in dollars, but *includes financial responsibility, also integrity, efficiency, industry, experience, promptness, and ability to successfully carry out the particular undertaking,* and that a bond will not supply the lack of these characteristics. ... At the same time, it is held that to award the contract to a higher bidder capriciously without a full and careful investigation is an abuse of discretion which equity will restrain. ... Where a *full investigation* discloses a *substantial reason* which appeals to the *sound discretion* of the municipal authorities they may award a contract to one not in dollars the lowest bidder. The *sound discretion,* which is upheld, *must be based upon a knowledge of the real situation gained by a careful investigation.*

The *discretion,* however, *is in the determination of who is the lowest responsible bidder; when that is settled, discretion ends and the contract must be awarded, if at all, to him,* ... regardless of the difference in the bids, whether it is more or less. The statute requiring that municipal contracts be awarded to the lowest responsible bidder is mandatory: ... (Citations omitted; emphasis added.)[3]

Furthermore, laws requiring the competitive bidding of public contracts serve "the purpose of inviting competition, to guard against favoritism, improvidence, extravagance, fraud, and corruption in the awarding of municipal contract. ..." *Conduit and*

---

[3] Although the statute was revised in 1981, the terminology is the same and retains the same meaning.

*Foundation Corp. v. City of Philadelphia,* 41 Pa. Commonwealth Ct. 641, 646, 401 A.2d 376, 379 (1979).

It is clear from the record that the Borough did not conduct a "full" or "careful" investigation. The decision to award the contract was not then based upon the "sound discretion" required by the statute.

We affirm the trial court's finding that the Board acted capriciously and arbitrarily in awarding the contract to Long Trucking and violated Section 46402 of the Borough Code. The denial of exceptions to the decree nisi by the Court of Common Pleas of Greene County is hereby sustained.

### ORDER

AND Now, April 30, 1985, the denial of exceptions to the decree nisi by the Court of Common Pleas of Greene County, at No. 26, In Equity, 1981 is hereby sustained.