631 A.2d 807

**Richard A. LEWIS, District Attorney of Dauphin County on behalf of the Commonwealth of Pennsylvania**

**v.**

**CITY OF HARRISBURG and County of Dauphin and William H. Livingston, Sheriff of Dauphin County.**

**Appeal of CITY OF HARRISBURG, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Dec. 16, 1992.

Decided Sept. 7, 1993.

320

Jill A. Devine, Acting City Sol., for appellant.

William T. Tully, Chief Deputy Dist. Atty., for appellee.

Before DOYLE and SMITH, JJ., and LORD, Senior Judge.

DOYLE, Judge.

Before us is an appeal by the City of Harrisburg from an order of the Court of Common Pleas of Dauphin County which granted a preliminary injunction restraining the City from ceasing its practice of transporting prisoners from and to preliminary arraignments and preliminary hearings.

The case history is as follows. In Dauphin County all prisoners, regardless of the criminal charges placed against them, have been transported to their preliminary arraignments and preliminary hearings by the police department that filed the criminal charges. For years the City of Harrisburg complained about the cost to do this, contending this was the responsibility of Dauphin County and the Dauphin County Sheriff's office. On December 5, 1989, the City filed a declaratory judgment action against Dauphin County and the Dau-

phin County Sheriff which sought to require the County to transport prisoners charged with crimes, other than violations of City ordinances, to and from preliminary hearings or, in the alternative, requested that the County be made to reimburse the City for the expense of such transportation. After the pleadings were closed, the parties filed cross-motions for judgment on the pleadings. On March 10, 1992, the trial court issued an order which granted the County's motion for judgment on the pleadings, and no appeal was taken from that order. However, the order itself stated:

> It is clear that the city, by statute, is responsible for the transportation and maintenance of Defendants charged with violation of City Ordinances which includes transportation to Preliminary Hearings before District Justices. 53 P.S. 36018.

> The City has not provided any statutory or other authority for placing responsibility on the County to provide transportation to Preliminary Hearings where the offense does not involved [sic] violation of a City Ordinance; nor, have we been successful in finding any such authority.

> On the question of who is responsible for providing transportation to Preliminary Hearings for Defendants charged with offenses other than Violation of City Ordinances, it appears that the Legislature has not spoken.

> In some counties, Constables provide service to Preliminary Hearings. In other counties, Preliminary Hearings are held at the County Prison. *Nevertheless, it does not appear that the City has any responsibility for providing transportation and maintenance for Defendants who are not charged with Violation of City Ordinances.*

Trial Court Opinion of March 10, 1992 at 4 (emphasis added).

Based on this language, on May 18, 1992, the City's chief of police notified County officials that the City intended to stop transporting prisoners, except those charged and held solely on summary violations of City ordinances, effective May 26, 1992. As a result of this ultimatum, Richard A. Lewis, District Attorney of Dauphin County, filed an equity action

against the City, the County, and the Sheriff, for temporary and declaratory relief.

On May 22, 1992, the trial court issued an ex parte injunction restraining the City from ceasing its practice of transporting prisoners and on May 27, 1992, conducted a hearing on the injunction motion. At the close of the hearing, the trial court continued the injunction and also denied the City's request that the County be required to post bond. The trial court made the following relevant findings:

In Dauphin County, as long as anyone can recall, prisoners have been transported to preliminary arraignments and preliminary hearings by the police department that filed the criminal charge.... In most criminal cases, the police officer controls the prosecution or withdrawal of the proceedings until the case is preliminarily heard (N.T. 17). One half or more of the case load of criminal cases prosecuted by the District Attorney in Dauphin County are filed in the City of Harrisburg (N.T. 16). In all other political subdivisions in Dauphin County, the police agency that brought the criminal charge transports the prisoners to and from preliminary arrangements [sic] and preliminary hearings (N.T. 18). There is no other system presently available in Dauphin County to provide such transportation (N.T. 19). Prompt arraignments and hearings are required by the Pa.Rules of Criminal Procedure (Pa.R.Crim.P. 76(b)(4); 122; 140(d)(1)), and delays in conducting such proceedings raise issues of both public safety and due process rights of defendants (N.T. 15).

The urgency for the requested relief, the potential for irreparable harm and the need and reasonableness of preserving the status quo are palpable.

Trial Court Opinion at 1, 6–7. This appeal followed.

■ On appeal to this court, the City asserts that the trial court erred in granting the District Attorney's request for a

preliminary injunction because the facts necessary to support such an action were not established.[1]

The fundamental law is rather clear that a court may grant a preliminary injunction only where the moving party establishes the following elements: (1) that relief is necessary to prevent immediate and irreparable harm which cannot be compensated by damages; (2) that greater injury will occur from refusing the injunction than from granting it; (3) that the injunction will restore the parties to the status quo as it existed immediately before the alleged wrongful conduct; (4) that the alleged wrong is manifest, and the injunction is reasonably suited to abate it; and (5) that the plaintiff's right to relief is clear. *T.W. Phillips.* Because one of the elements which the moving party must establish is that "his right to relief is clear," it is of course necessary that the moving party be able to show that he has a reasonable likelihood of success on the merits. It is thus entirely proper for a court to consider testimony going to the merits to this extent at the time of a preliminary injunction hearing. *Riverside School Board v. Kobeski,* 146 Pa.Commonwealth Ct. 106, 604 A.2d 1173 (1992).

As explained by our Supreme Court in *Roberts v. Board of Directors of School District of Scranton,* 462 Pa. 464, 469, 341 A.2d 475, 478 (1975):

[W]e recognize that on appeal from the grant or denial of a preliminary injunction, we do not inquire into the merits of the controversy, but only examine the record to determine if there were any apparently reasonable grounds for the action of the court below. Only if it is plain that no grounds exist to support the decree or that the rule of law relied

1. The City contends that: (1) the City is not responsible for the transportation of prisoners because the March 10, 1992, order did not place responsibility on the City; and (2) that Pennsylvania state law only places responsibility on the City to transport prisoners who violate City ordinances. Both of these contentions, of course, apply to the underlying merits of the case and the ultimate issue. Other than to the extent necessary to properly adjudicate the issue in this appeal, that is, the propriety of the preliminary injunction, we decline to decide these ultimate issues at this time. *See Mazzie v. Commonwealth,* 495 Pa. 128, 432 A.2d 985 (1981).

upon was palpably erroneous or misapplied will we interfere with the decision of the Chancellor.

The City first argues that the District Attorney is "unable to demonstrate the urgency necessary for injunctive relief" and states that as of March 19, 1992, the County was on notice that the transportation activities of the City would cease within thirty to sixty days. Moreover, the City maintains that, the County was actually aware of the transportation problem as early as 1989 and that this length of time should have been sufficient to enable the County to develop its own system of transportation.

Upon review of the record we find the trial court had reasonable grounds for granting the preliminary injunction. Although inartfully stated, we construe the substance of the City's first argument to be an attack upon the "immediate and irreparable harm" element that is a prerequisite before a preliminary injunction may issue. In its brief, the City uses "County" and "District Attorney" interchangeably throughout its argument. We find this interchange flawed because the moving party is *only* the District Attorney. Thus, the City's first argument is that the District Attorney failed to show that the denial of the preliminary injunction would cause *him* immediate and irreparable harm not compensable by damages.

As found by the trial court, however, the District Attorney clearly faces irreparable injury and the need for relief in these circumstances is immediate. If the City were to stop transporting prisoners, there is no other system presently available in Dauphin County to provide such transportation; and the County and Sheriff's department would have inadequate time to establish an alternative system. If prisoners are not transported to preliminary hearings, their release could be mandated by the Pennsylvania Rules of Criminal Procedure,[2] which in turn could endanger the safety of all

2. *See, e.g.,* Pa.R.Crim.P. 1100. Rule 1100 is the prompt trial rule which was adopted by our Supreme Court pursuant to its rule-making powers under Article 5, Section 10(c) of the Pennsylvania Constitution. A key provision is that a criminal defendant must be tried within 180 days of

citizens.[3] These citizens in addition to an interest in effective and prompt disposition of criminal cases, have a cognizable interest in having either the guilt or innocence of the accused determined. Thus, if the trial court had not issued the preliminary injunction, prisoners accused of serious crimes might have been released and future prosecutions might be hindered because of the backlog that would be caused by the City's action. The damage would be irreparable because the harm suffered by the failure and breakdown of the criminal justice system cannot be cured by monetary restitution.

■ According to the City, the District Attorney also failed to establish that greater injury would result by refusing to issue the preliminary injunction than by granting it. The City argues that it suffers now, not only monetary damage because its taxpayers must pay for its police officers to provide the transportation, but also increased risks to citizens because "officer's man hours must be diverted from law enforcement activities to chauffeur and maintain the prisoners."

What is overlooked, however, is that the City of Harrisburg is but one local government unit within Dauphin County and if the City and other local units of government—which would have the same entitlement as the City—were to stop transporting prisoners, its citizens would still pay the cost of prisoner transportation because they are also residents of the County which would levy additional taxes to pay for the transportation. Furthermore, the potential harm of releasing prisoners accused of serious crimes without their first being brought to trial, because either their constitutional right to a speedy trial[4] or Rule 1100[5] right has been violated, far

the date of filing the criminal complaint. If he is not, then the charges must be dismissed with prejudice.

3. It is important to note that the City attempted to stop transporting prisoners in October of 1989. This practice lasted a period of one (1) day because the district justices informed the city police that if this practice were to continue, the criminal cases would be dismissed at their offices. (N.T. 34–35). This incident underscores the importance and urgency of the District Attorney's action in this circumstance.

4. U.S. Const. Amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial").

5. · See supra note 3.

outweighs even the nonmonetary aspects of the City's argument, even if it were correct. The City asserts that the prisoners would not necessarily be released because Pa. R.Crim.P. 142 provides that "the issuing authority may grant a continuance." Such an argument is not only unpersuasive but also is legally feeble because the continuance would serve, in most cases, to toll the applicable period of Rule 1100 only against the District Attorney's office, not the prisoner.

Next, the City argues that an injunction will not maintain the status quo and asserts that:

> Currently, the City has no legal obligation to transport prisoners. It continues to do so pursuant to a Court Order which granted a temporary injunction pending this hearing. Ergo, by granting the injunction the court is legally obligating the City to perform services which have been stated by this court [sic] to not be the City's responsibility.

City's Brief at 14–15.

▇▇▇ The status quo to be maintained by a preliminary injunction is the last actual, peaceable and lawful non-contested status which preceded the pending controversy. *Commonwealth v. Coward,* 489 Pa. 327, 341, 414 A.2d 91, 99 (1980). In the present case, we conclude that the preliminary injunction would have the effect of restoring the status quo prior to the City's unilateral attempt to stop transporting prisoners. As the trial court found, the City has been transporting prisoners for decades. This was the status quo that the District Attorney sought to maintain. Whether the City has a responsibility to *continue* this historical practice is not before the Court at this time. The trial court must determine the legal obligations of the parties in regard to the transportation of prisoners.

Because all prongs for the requirement of the grant of a preliminary injunction have been satisfied, we conclude that the grant of the preliminary injunction here is proper.

▇▇▇ The City's final argument is that the trial court abused its discretion when it denied the City's request for the posting

of a bond and that the County[6] should have been required to post a bond prior to obtaining the preliminary injunction. We disagree. Pa.R.C.P. 1531(b)(1) provides:

> (b) Except when the plaintiff is the Commonwealth of Pennsylvania, a political subdivision ... or officer of the Commonwealth or of a political subdivision, a preliminary ... injunction shall be granted only if
>
> > (1) the plaintiff files a bond in an amount fixed and with security approved by the court naming the Commonwealth as obligee, conditioned that if the injunction is dissolved because improperly granted or for failure to hold a hearing, the plaintiff shall pay to any person injured all damages sustained by reason of granting the injunction and all legally taxable costs and fees, ....

A District Attorney, as an officer of a political subdivision, fits within this clear exception to the requirement of a bond, *Duggan v. 807 Liberty Avenue, Inc.,* 447 Pa. 281, n. 7, 288 A.2d 750, 753 n. 7 (1972), and hence the trial court's ruling on this point was correct.

Affirmed.

## ORDER

NOW, September 7, 1993, the order of the Court of Common Pleas of Dauphin County in the above-captioned matter is hereby affirmed.

---

**6.** As noted *supra,* the moving party in the instant case is limited to only the District Attorney. Thus, we construe the City's last argument to be that the trial court should have required the District Attorney to post a bond before obtaining the preliminary injunction.