Christopher KIERSKI, and Vogel Disposal Service, Inc., a Pennsylvania Corporation, Appellants

v.

TOWNSHIP OF ROBINSON, a Municipal Corporation, and Waste Management of Pennsylvania, Inc., a Pennsylvania Corporation.

Commonwealth Court of Pennsylvania.

Argued Oct. 8, 2002.

Decided Nov. 6, 2002.

---

John R. Orie, Jr., Pittsburgh, for appellants.

David A. Neely, Pittsburgh, for appellee, Robinson Township.

John K. Gisleson, Pittsburgh, for appellee, Waste Management of PA, Inc.

BEFORE: PELLEGRINI, Judge, and FRIEDMAN, Judge, and KELLEY, Senior Judge.

OPINION BY Judge FRIEDMAN.

Christopher Kierski and Vogel Disposal Service, Inc., a Pennsylvania Corporation (collectively, Vogel) appeal from the January 7, 2002, order of the Court of Common Pleas of Allegheny County (trial court), which denied Vogel's petition to preliminarily enjoin the Township of Robinson, a Municipal Corporation (Township), from awarding a contract for refuse collection services to Waste Management of Pennsylvania, a Pennsylvania Corporation (Waste Management). We affirm.

In 2001, the Township awarded a contract for refuse collection services to Vogel. Joseph Bonkowski, the Township's Superintendent of Public Works for about eleven years, thought that Vogel was the worst garbage collector the Township ever had. Bonkowski received telephone calls from Township residents at his home at night complaining about Vogel missing garbage pick-ups. When Bonkowski noti-

fied Vogel about the complaints, Vogel sometimes waited a week before picking up the garbage. Occasionally, a Township employee had to collect the garbage. On average, Bonkowski's crew spent one to three hours per week performing Vogel's duties. (Trial court op. at 3.)

Lynn Trinkala, Administrative Secretary for the Township, received complaints as soon as Vogel began collecting the Township's garbage in January 2001, and they never ended. She called Vogel four or five times per week about complaints, and Vogel sometimes let a week pass before picking up the garbage. (Trial court op. at 3–4.)

In addition to the numerous complaints, Vogel's trucks had hydraulic leaks, including two big leaks. Paul Kashner, Superintendent of Public Works, had to clean up fifteen of Vogel's hydraulic leaks. To make matters worse, one of Vogel's trucks once "got stuck and broke the road away," requiring that the Township repair the hole in the road. (R.R. at 143a.) Another time, one of Vogel's trucks "got stuck" and left "scratches in the road probably about four to five foot long and probably three inches deep." (R.R. at 143a.) Bonkowski could not recall any previous garbage contractor causing such damage to the Township's roads. (Trial court op. at 3.)

Eventually, the Township Commissioners sent Vogel a letter advising Vogel that its contract with the Township for refuse collection services would not be extended beyond the year 2001. After the Township sent the letter, Vogel's services showed no improvement and, in fact, became worse. The Township sought bids for the year 2002. Vogel submitted the lowest bid in dollars, but the Township Commissioners voted unanimously to award the contract to Waste Management. (Trial court op. at 1, 4.)

Vogel sought a preliminary injunction from the trial court to prevent the Township from awarding the contract to Waste Management, but the trial court denied Vogel's petition. Vogel now appeals to this court.[1]

Vogel argues that the trial court erred or abused its discretion in failing to grant Vogel's request for a preliminary injunction. We disagree.

In order to establish grounds for a preliminary injunction, the moving party must prove that: (1) the injunction is necessary to prevent immediate and irreparable harm, which cannot be compensated by damages; (2) greater injury would result by refusing it than by granting it; (3) an injunction will restore the parties to the status quo as it existed immediately before the alleged wrongful conduct; (4) the alleged wrong is manifest, and the injunction is reasonably suited to abate it; and (5) the plaintiff's right to relief is clear. *Lewis v. City of Harrisburg*, 158 Pa.Cmwlth. 318, 631 A.2d 807 (1993).

Here, the trial court determined that Vogel failed to prove that greater injury would result by refusing to grant a preliminary injunction than by granting it. Whereas Vogel argued that refusing to grant a preliminary injunction would result in the Township wasting taxpayer money on trash collection, the trial court found that greater injury would result from the grant of a preliminary injunction. Relying on the credible testimony of Township witnesses, the trial court explained that

---

1. This court's scope of review in an appeal from a decree denying a preliminary injunction is to determine if there existed any reasonable grounds for the action of the trial court. *James T. O'Hara, Inc. v. Borough of Moosic*, 148 Pa.Cmwlth. 535, 611 A.2d 1332 (1992).

granting the preliminary injunction would result in unhappy taxpayers complaining to the Township about refuse collection services. Moreover, granting a preliminary injunction would cost the taxpayers money to pay for Township employees to pick up garbage, clean up hydraulic leaks and repair Township roads.

The trial court also determined that Vogel failed to prove that its right to relief was clear. Vogel argues that the trial court erred in this regard because the Township had an obligation to conduct a full and careful investigation prior to deciding whether Vogel was the lowest responsible bidder, and the Township did not do so. We disagree.

In *Berryhill v. Dugan*, 89 Pa.Cmwlth. 46, 491 A.2d 950, 952 (1985) (quoting *Kratz v. Allentown*, 304 Pa. 51, 54, 155 A. 116, 117 (1931)) (italics in original, underlining added), this court stated the standard for determining the lowest responsible bidder as follows:

> The statute provides that municipal contracts be let to the lowest responsible bidder, but the courts have uniformly held that the question of who is the lowest responsible bidder is one for the sound discretion of the proper municipal authority, and does not necessarily mean the one whose bid on its face is lowest in dollars, but *includes financial responsibility, also integrity, efficiency, industry, experience, promptness, and ability to successfully carry out the particular undertaking,* and that a bond will not supply the lack of these characteristics. . . . At the same time, it is held that to award the contract to a higher bidder capriciously without a *full and careful investigation* is an abuse of discretion which equity will restrain. . . . Where a *full investigation* discloses a *substantial reason* which appeals to the *sound discretion* of the municipal authorities they

may award a contract to one not in dollars the lowest bidder. The *sound discretion,* which is upheld, *must be based upon a knowledge of the real situation gained by a careful investigation.*

■ Here, several Township officials credibly testified about their own personal experiences with Vogel's performance under the 2001 contract. Thus, the Township had "knowledge of the real situation" based on a year of receiving complaints and paying employees to pick up garbage, clean up hydraulic leaks and repair roads. Certainly, where a municipality has no personal experience with the ability of the lowest bidder to perform under a particular contract, the municipality must conduct a full and complete investigation before awarding the contract to a higher bidder. *Berryhill.* In this case, however, no investigation could give the Township better knowledge of Vogel's ability to perform under the Township's refuse collection services contract than the knowledge gained from the Township's personal experience with Vogel in 2001.

■ Vogel also contends that the Township abused its discretion in concluding that Vogel was *not* the lowest responsible bidder. We disagree. The credible evidence shows that Township residents continuously complained about Vogel's performance under the 2001 contract, that Township employees had to pick up garbage, that Vogel's trucks damaged Township roads and that Township employees had to clean up hydraulic leaks from Vogel's trucks. It is reasonable to conclude from such evidence that Vogel does *not* have the ability to successfully carry out the requirements of the Township's refuse collection services contract.

■ Vogel next argues that the trial court erred or abused its discretion in permitting the Township's witnesses to

testify about citizen complaints over Vogel's hearsay objections. We disagree.

■ Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Pa. R.E. 801(c). Here, the trial court permitted the Township's witnesses to testify about citizen complaints. The testimony was not hearsay because it was not offered to prove that Vogel failed to pick up garbage at a particular citizen's residence on a particular date. Rather, the testimony was offered to show the Township's knowledge of Vogel's ability to successfully carry out the obligations of the contract. *See Berryhill.* Certainly, one measure of Vogel's ability to perform under the contract was the number of complaints received in 2001 compared with those received in previous years. Here, Township residents complained to Township officials to such an extent that the officials came to believe that Vogel was the worst trash collector the Township ever had.[2]

Accordingly, we affirm.

### ORDER

AND NOW, this 6th day of November, 2002, the order of the Court of Common Pleas of Allegheny County, dated January 7, 2002, is hereby affirmed.

Judge PELLEGRINI concurs in the result only.

---

2. Vogel also argues that the trial court erred or abused its discretion in permitting the Township's witnesses to testify about citizen complaints without identifying the citizen, the date of the complaint and the nature of the complaint. Evidently, Vogel hoped for an opportunity to refute each complaint. However, even if Vogel had a reasonable explanation for each instance where a citizen complained about Vogel's services, this would not refute the fact that the Township never had as many complaints from citizens about refuse collection. Moreover, Vogel's explanations would not negate the evidence about hydraulic leaks, the evidence about Township employees occasionally needing to pick up garbage or the evidence about Township employees needing to repair damaged roads.